Robb C. Adkins (SBN 194576)
Sam A. Camardo (*Admitted Pro Hac Vice*)
Chardaie C. Charlemagne (*Admitted Pro Hac Vice*)
BAKER & HOSTETLER LLP
Transamerica Pyramid Center
600 Montgomery Street, Suite 3100
San Francisco, CA 94111
Telephone: 415.659.2600
Facsimile: 415.659.2601
Email: radkins@bakerlaw.com
        scamardo@bakerlaw.com
        ccharlemagne@bakerlaw.com

*Attorneys for Defendant John Porter*

# IN THE UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | **Case No.: 3:22-cr-270-WHO** |
| Plaintiff, | **Hon. William H. Orrick** |
| v. | **DEFENDANT JOHN PORTER'S OPPOSITION TO GOVERNMENT'S MOTIONS IN LIMINE** |
| JOHN PORTER, | |
| Defendant. | |

*Sidebar (vertical text):* BAKER & HOSTETLER LLP / ATTORNEYS AT LAW / SAN FRANCISCO

# TABLE OF CONTENTS

**Page**

I.      Government Motion in Limine No. 1: The Court should deny the government's Motion in Limine No. 1 because it is nonspecific and ignores a variety of other rules that may bar or require admission of out-of-court statements. ........................................... 1

II.     Government Motion in Limine No. 2: Defense counsel agrees to exclude references to punishment in front of the jury. ..................................................................... 4

III.    Government Motion in Limine No. 3: Defense counsel agrees to limit the use of witness interview form 302 reports at trial. .......................................................... 6

IV.     Government Motion in Limine No. 4: Asking the Court to enforce discovery rules without any specific issue being identified is not the proper subject of a motion in limine, so the Court should deny the government's fourth motion in limine. ................... 6

V.      Government Motion in Limine No. 5: The Government's fifth motion in limine should be denied because it overstates the law and is premature in any event. ................. 8

CONCLUSION ............................................................................................................ 10

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Bullard v. Wastequip Mfg. Co. LLC,*
    2015 WL 13757143 (C.D. Cal. May 4, 2015) ........................................................... 1

*In re: Cathode Ray Tube (Crt) Antitrust,*
    2016 WL 5871243 (N.D. Cal. Oct. 7, 2016) ............................................................. 1

*Colton Crane Co. v. Terex Cranes Wilmington, Inc.,*
    2010 WL 2035800 (C.D. Cal. May 19, 2010) ........................................................... 1

*E. J. v. Sec'y of Health & Hum. Servs.,*
    984 F.3d 1374 (Fed. Cir. 2021) ................................................................................. 9

*Feezor v. Golden Bear Rest. Grp., Inc.,*
    2012 WL 2873353 (E.D. Cal. July 12, 2012) ........................................................... 7

*Gillispie v. City of Miami Twp.,*
    2022 WL 6811135 (S.D. Ohio Oct. 11, 2022) .......................................................... 7

*Grouse River Outfitters Ltd. v. Oracle Corp.,*
    2019 WL 8918902 (N.D. Cal. June 21, 2019) .......................................................... 1

*Lillie v. ManTech Int'l. Corp.,*
    2018 WL 6323076 (C.D. Cal. Dec. 3, 2018) ............................................................ 9

*M.H. v. Cty. of Alameda,*
    2015 WL 894758 (N.D. Cal. Jan. 2, 2015) ............................................................... 1

*Michelson v. United States,*
    335 U.S. 469 (1948) ................................................................................................... 5

*Powers v. Target Corporation,*
    2020 WL 1986968 (S.D. Fla. Apr. 27, 2020) ........................................................... 7

*Raugust v. Abbey,*
    2022 WL 1468296 (D. Mont. May 10, 2022) ........................................................... 9

*Shenwick v. Twitter, Inc.,*
    2021 WL 1232451 (N.D. Cal. Mar. 31, 2021) .......................................................... 1

*Taylor v. Illinois,*
    484 U.S. 400 (1988) ................................................................................................... 8

*Tobeler v. Colvin,*
    749 F.3d 830 (9th Cir. 2014) ..................................................................................... 9

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

*United States v. Aiyaswamy,*
   2017 WL 1365228 (N.D. Cal. Apr. 14, 2017) ........................................................................... 4

*United States v. Brown,*
   562 F.2d 1144 (9th Cir. 1977) ................................................................................................... 2

*United States v. Burreson,*
   643 F.2d 1344 (9th Cir. 1981) ................................................................................................... 3

*United States v. Castro-Cabrera,*
   534 F. Supp. 2d 1156 (C.D. Cal. 2008) ..................................................................................... 3

*United States v. Diaz,*
   961 F.2d 1417 (9th Cir. 1992) ................................................................................................... 5

*United States v. Duran,*
   41 F.3d 540 (9th Cir. 1994) .................................................................................................... 7, 8

*United States v. Finley,*
   301 F.3d 1000 (9th Cir. 2002) ................................................................................................... 8

*United States v. Frank,*
   956 F.2d 872 (9th Cir.1992) ...................................................................................................... 4

*United States v. Keith,*
   2018 WL 9619431 (C.D. Cal. Sept. 10, 2018) .......................................................................... 1

*United States v. Kot,*
   No. 2:10-CR-00280-KJD, 2012 WL 1657118 (D. Nev. May 10, 2012), *aff'd,*
   583 F. App'x 716 (9th Cir. 2014) .............................................................................................. 6

*United States v. Liera–Morales,*
   759 F.3d 1105 (9th Cir. 2014) ................................................................................................... 3

*United States v. McKinney,*
   707 F.2d 381 (9th Cir. 1983) ..................................................................................................... 2

*United States v. Mitchell,*
   502 F.3d 931 (9th Cir. 2007) .................................................................................................. 2, 3

*United States v. Nakai,*
   413 F.3d 1019 (9th Cir. 2005) ................................................................................................. 2, 3

*United States v. Ortega,*
   203 F.3d 675 (9th Cir. 2000) .................................................................................................. 2, 3

*United States v. Ritchie,*
   2018 WL 6580570 (D. Nev. Dec. 13, 2018) .............................................................................. 1

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT JOHN PORTER'S OPPOSITION TO GOVERNMENT'S MOTIONS IN LIMINE
Case No. 22-cr-270-WHO

*United States v. Rubin*,
609 F.2d 51 (2d Cir. 1979)....................................................................................... 6

*United States v. Rubio-Lara*,
2011 WL 13142504 (N.D. Cal. Aug. 11, 2011)........................................................ 5

*United States v. Sanft*,
2021 WL 3403729 (W.D. Wash. Aug. 4, 2021) ....................................................... 3

*United States v. Scarmazzo*,
554 F. Supp. 2d 1102 (E.D. Cal. 2008), *aff'd sub nom. United States v. Montes*,
421 F. App'x 670 (9th Cir. 2011) ............................................................................. 4

*United States v. Scholl*,
166 F.3d 964 (9th Cir. 1999)..................................................................................... 8

*United States v. Schuette*,
2023 WL 163490 (N.D. Cal. Jan. 11, 2023) ............................................................. 8

*United States v. Way*,
2018 WL 3062159 (E.D. Cal. June 19, 2018) ........................................................... 3

**Other Authorities**

9th Cir. Model Crim. Jury Instr., § 6.22.................................................................... 4

Fed. R. Crim. P. 17(c) ................................................................................................ 7

Fed. R. Evid. 106 .................................................................................................... 2, 3

Fed. R. Evid. 403 ....................................................................................................... 5

Fed. R. Evid. 404(a)(1) ...................................................................................... 4, 5, 8

Fed. R. Evid. 701 ....................................................................................................... 9

Fed. R. Evid. 801(d)(1)(B) ........................................................................................ 2

Fed. Rule. Cr. P. 16(b)(1)(A)(ii) ............................................................................... 7

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT JOHN PORTER'S OPPOSITION TO GOVERNMENT'S MOTIONS IN LIMINE
Case No. 22-cr-270-WHO

**I.      Government Motion in Limine No. 1: The Court should deny the government's Motion in Limine No. 1 because it is nonspecific and ignores a variety of other rules that may bar or require admission of out-of-court statements.**

The government asks the Court "to admit the defendant's statements when offered by the government as admissions of a party opponent" and "to preclude the defendant from admitting self-serving hearsay." D.E. 88 at 4. The Court should deny the motion.

The government's request is too nonspecific. "Motions *in limine* must identify the evidence at issue and state with specificity why such evidence is inadmissible." *In re: Cathode Ray Tube (Crt) Antitrust*, 2016 WL 5871243, at *7 (N.D. Cal. Oct. 7, 2016) (citing *Colton Crane Co. v. Terex Cranes Wilmington, Inc.*, 2010 WL 2035800, at *1 (C.D. Cal. May 19, 2010)). Specificity is required because the "purpose of a motion in limine is to admit or preclude specific [evidence]." *Grouse River Outfitters Ltd. v. Oracle Corp.*, 2019 WL 8918902, at *3 (N.D. Cal. June 21, 2019) (citing *M.H. v. Cty. of Alameda*, 2015 WL 894758, at *9 (N.D. Cal. Jan. 2, 2015)). So the "'failure to specify the evidence' that a motion in limine 'seeks to exclude constitutes a sufficient basis upon which to deny the motion.'" *Shenwick v. Twitter, Inc.*, 2021 WL 1232451, at *12 (N.D. Cal. Mar. 31, 2021) (quoting *Bullard v. Wastequip Mfg. Co. LLC*, 2015 WL 13757143, at *7 (C.D. Cal. May 4, 2015)).

No specific statement is identified in the government's brief. Instead, the government alludes to a variety of unidentified oral and written statements about a variety of topics. *See* D.E. 88 at 4. It is impossible for the Court to issue an order preemptively admitting or excluding an unknown number of unknown statements from evidence. *See, e.g.*, *United States v. Ritchie*, 2018 WL 6580570, at *4 (D. Nev. Dec. 13, 2018) ("[A]s to the Government's hearsay objection to the defendants' own testimony about their conversations with others, the Government will have to object to particular questions and answers at trial. I cannot categorically determine that all such evidence would be inadmissible hearsay[.]"); *United States v. Keith*, 2018 WL 9619431, at *4 (C.D. Cal. Sept. 10, 2018) (denying motion in limine for failure to provide "detail on what specific statements or subject matters it seeks to exclude").

The government's argument also fails to tell the whole story. True, Rule 801(d)(2) applies to statements offered against the party who made them, so the government can rely on that rule as

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

a reason to offer an out-of-court statement of Mr. Porter's into evidence while Mr. Porter cannot rely on that rule to offer his own out-of-court statement into evidence. But this does not mean that the government may introduce *any* statement Mr. Porter made into evidence. Nor does it mean that Mr. Porter may introduce *no* statement he made into evidence.

Even if a statement by Mr. Porter is not hearsay, the government still must lay a proper foundation for the statement. The rules of relevance or privilege may apply to bar a particular statement from being admitted into evidence. And there could be double hearsay and confrontation clause issues if an out-of-court statement of Mr. Porter's is relayed by another person who does not testify. *See, e.g.*, *United States v. McKinney*, 707 F.2d 381, 383 (9th Cir. 1983) (barring statement under Confrontation Clause because "[t]he testimony of Agent Johnson was double hearsay").

Mr. Porter is also not barred in all circumstances from introducing his own out-of-court statements. A statement might not be offered for the truth of the matter asserted. *See, e.g.*, *United States v. Brown*, 562 F.2d 1144, 1148 (9th Cir. 1977) ("statements could not have been used to prove their own truth, but rather to show Brown's state of mind"). Or it could fall within any number of other hearsay exceptions. Just to take one example, if Mr. Porter were to testify, an out-of-court statement would not be hearsay if offered to "rebut an express or implied charge that [he] recently fabricated [his testimony] or acted from a recent improper influence or motive in so testifying" or "to rehabilitate [his] credibility as a witness when attacked on another ground[.]" Fed. R. Evid. 801(d)(1)(B).

Finally, the government overstates the rules of evidence as applied to Mr. Porter's out-of-court statements in arguing that "[a] defendant may not use his own prior statements, even where the government introduces incriminating portions of them." D.E. 88 at 5. The government relies on *United States v. Nakai*, 413 F.3d 1019, 1022 (9th Cir. 2005), *United States v. Mitchell*, 502 F.3d 931, 965 (9th Cir. 2007), and *United States v. Ortega*, 203 F.3d 675, 682 (9th Cir. 2000), for this proposition as well as the principle that Rule 106, known as the rule of completeness, "does not render admissible otherwise inadmissible hearsay." D.E. 85 at 6 (quoting *Mitchell*, 502 F.3d at 965 n.9). These principles do not extend as far as the government claims.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 2 -

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

While Federal Rule of Evidence 106 may not allow the admission of otherwise inadmissible statements, "the court may [nevertheless] review the government's proffered statements made by the defendant to determine whether those statements, in their redacted form, are either 'misleading [or] taken out of context.'" *United States v. Way*, 2018 WL 3062159, at *3 (E.D. Cal. June 19, 2018) (quoting *United States v. Liera–Morales*, 759 F.3d 1105, 1111 (9th Cir. 2014)). In each case the government cites, the admitted statements "were not taken out of context or otherwise distorted." *See Mitchell*, 502 F.3d at 965 (citing *Ortega*, 203 F.3d at 683); *see also Nakai*, 413 F.3d at 1022 ("In neither instance was the unadmitted hearsay necessary to place the admitted statement in context."). In other words, the government may not "offer abridged portions of statements that distort the meaning of a statement." *United States v. Castro-Cabrera*, 534 F. Supp. 2d 1156, 1161 n.6 (C.D. Cal. 2008) (admitting entire written statement under Rule 106 because "unless Defendant's statement is viewed in its entirety, there is a significant danger that its meaning will be taken out of context and misrepresent to the jury a meaning other than the one Defendant was communicating"); *see also United States v. Sanft*, 2021 WL 3403729, at *2 (W.D. Wash. Aug. 4, 2021) ("This means that the government cannot selectively edit [the defendant's] statements to EPA in his March 8, 2019 interview to remove the assertion that he warned his supervisor about Leiva, leaving the clear but false impression that [the defendant] failed to take this action in response to his suspicions and was therefore complicit.").

Indeed, courts within the Ninth Circuit have admitted additional portions of a defendant's prior statements where necessary to explain an admitted statement, place it in context, or avoid misleading the trier of fact. *See United States v. Burreson*, 643 F.2d 1344, 1349 (9th Cir. 1981) ("The record shows that the trial court carefully considered the entire transcript, and added material to the excerpt offered by the government to put it in proper context."); *Castro-Cabrera*, 534 F. Supp. at 1160 (admitting proposed statement in its entirety because admission of just the first portion of the statement "would distort the context of the latter portion of the statement").

Here, the government has not identified what statements it seeks to introduce, much less how those statements will be introduced and for what purpose. There is no way for the Court to make a ruling in advance about whether any particular abridged statement is misleading or requires

- 3 -

additional context. *See United States v. Aiyaswamy*, 2017 WL 1365228, at *3 (N.D. Cal. Apr. 14, 2017) ("The Court agrees with Defendant that a ruling on the admissibility of Defendant's statements would be premature without knowing what statements the Government will seek to introduce. Therefore, the Court DENIES without prejudice the Government's motion in limine seeking a ruling that the Government may introduce the out of court statements of Defendant and Defendant's agents.").

For all these reasons, the Court should deny the government's Motion in Limine No. 1.

## II.     Government Motion in Limine No. 2: Defense counsel agrees to exclude references to punishment in front of the jury.

1.   <u>Defense counsel will not make references to punishment.</u>

The government is correct that "[i]t is inappropriate for a jury to consider or be informed of the consequences of its verdict." *United States v. Scarmazzo*, 554 F. Supp. 2d 1102, 1109 (E.D. Cal. 2008), *aff'd sub nom. United States v. Montes*, 421 F. App'x 670 (9th Cir. 2011) (citing *United States v. Frank,* 956 F.2d 872, 879 (9th Cir.1992)). Defense counsel does not seek to reference the potential sentence faced by Mr. Porter at trial before the jury. Indeed, defense counsel stipulated to a jury instruction, specifically prohibiting the jury from considering punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt. *See* 9th Cir. Model Crim. Jury Instr., § 6.22 ("The punishment provided by law for this crime is for the court to decide. You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt."); Stipulated Jury Instruction 43.

2.   <u>The Court should deny the government's motion regarding jury sympathy or jury nullification because it is overly broad and would prohibit the defendant from introducing evidence under Federal Rule of Evidence 404(a)(1).</u>

The government argues that evidence related to Mr. Porter's health status, mental health status (including reference to any anxiety), family status, charitable giving, religious beliefs or practices, feelings about the case (including whether he is embarrassed or humiliated), and the impact the jury verdict may have on Mr. Porter's family, employment, or financial status should be prohibited as designed to invoke sympathy. The government essentially seeks to exclude categories of Mr. Porter's biographical background and proscribe, before hearing any evidence, Mr. Porter's

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

own potential testimony. First, the government's motion is premature to the extent that it anticipates evidence that has not been noticed or proffered. Second, as a general matter, the defense disagrees that the Court may impose a blanket prohibition on the mention of these topics particularly in the light of the fact that Mr. Porter may testify and may seek to admit character evidence intertwined with his biographical background.

The Supreme Court has held that a defendant may introduce favorable testimony concerning "the general estimate of his character." *Michelson v. United States*, 335 U.S. 469, 476 (1948). The government's sweeping request to essentially exclude evidence of Mr. Porter's biographical background (including that he was raised Catholic and his family's instillment of certain values according to their religious beliefs that speak to his proneness to criminal activity, or lack thereof) would unfairly prohibit Mr. Porter from offering otherwise admissible favorable character evidence under Federal Rule of Evidence 404(a)(1). *See United States v. Diaz*, 961 F.2d 1417, 1419 (9th Cir. 1992) (holding that "character traits admissible under Rule 404(a)(1) need not constitute specific traits of character but may include general traits such as 'lawfulness' and 'law-abidingness'" and holding that defendant's "proneness to criminal activity is an admissible character trait encompassed . . . [in the] general definition of 'law-abidingness.'"); *United States v. Rubio-Lara*, 2011 WL 13142504, at *2 (N.D. Cal. Aug. 11, 2011) (denying the government's motion to prohibit references to a defendant's biographical background for potentially invoking sympathy and "agree[ing] that [the government's] request is overly broad, and would prohibit the defendant from introducing the type of evidence contemplated by Federal Rule of Evidence 404(a)(1)").

Accordingly, the government's motion to impose a proscriptive and broad exclusion of any such evidence should be denied. Mr. Porter reserves the right to offer relevant evidence related to his biographical background, including his lack of proneness to criminal activity as informed by his religious upbringing among the topics that the government seeks to exclude. Mr. Porter does so with the understanding that "404(a)(1) does not give the defendant *carte blanche* to introduce character evidence of any sort, including that which is minimally probative and significantly prejudicial, and would therefore be barred by Federal Rule of Evidence 403." *Rubio-Lara*, 2011 WL 13142504, at *2.

**III.    Government Motion in Limine No. 3: Defense counsel agrees to limit the use of witness interview form 302 reports at trial.**

The government argues that Mr. Porter should be precluded from: "1) introducing the contents of the Form 302s to impeach witnesses during cross examination; 2) publishing or quoting the contents of the Form 302s to the jury; or 3) otherwise suggesting to the jury that the Form 302s are statements of the witnesses who did not write or adopt them." The defense does not intend to seek to admit Form 302s into evidence, or to publish or quote them to the jury. However, if the Form 302s are adopted by the witness as accurate, then they may be admitted and used for impeachment. *See United States v. Rubin,* 609 F.2d 51, 62 (2d Cir. 1979) (holding a statement could be used for impeachment where the witness adopted the interviewer's notes as accurate and in accord with his memory following the interview).

And as the government concedes, "it may be proper for a party to use a Form 302 to refresh a witness's recollection" and the defense may question a witness about statements he or she made in their conversations with the FBI. Additionally, an exception exists to the general rule against introducing Form 302s to impeach witnesses "if the witness is an agent and the questioning involves the agent's own statements memorialized in a 302." *United States v. Kot*, No. 2:10-CR-00280-KJD, 2012 WL 1657118, at *2 (D. Nev. May 10, 2012), *aff'd*, 583 F. App'x 716 (9th Cir. 2014). Accordingly, the defense reserves its right to use Form 302s in those well established and permitted ways, and the government's third motion in limine should be denied given that it does not identify specific evidence to exclude or do anything more than state legal authority.

**IV.    Government Motion in Limine No. 4: Asking the Court to enforce discovery rules without any specific issue being identified is not the proper subject of a motion in limine, so the Court should deny the government's fourth motion in limine.**

The government's fourth request is for the Court to "enforce reciprocal discovery obligations." D.E. 88 at 10. The government does not identify any information it thinks Mr. Porter secretly possesses that he may use at trial and instead merely says Mr. Porter has not provided any discovery. It is unsurprising that Mr. Porter has no discovery to provide the government, given that this case relates entirely to Mr. Porter's work at a company, Recology, at which his employment ceased prior to his indictment. Recology produced hundreds of thousands of pages of information

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

to the government, which the government in turn produced to Mr. Porter. This information forms the bulk of the relevant information in the case. After reviewing that information, Mr. Porter requested and received a limited production of documents from Recology (negotiated in exchange for not filing a Rule 17(c) subpoena). Recology provided those documents directly to the government at the same time Mr. Porter received them.

Moreover, Mr. Porter provided the government his current exhibit list well in advance of trial, which, other than a few publicly available documents, includes documents produced by the government to Mr. Porter. Mr. Porter has also disclosed his potential witnesses. If Mr. Porter locates any additional documents that he intends to use in his case-in-chief, whether from the government's productions or otherwise, he will promptly provide this information to the government and add it to his exhibit list.

There is thus nothing for the Court to order at this juncture—a fact made clear by the government's failure to identify any actual issue in its motion. And a request that the rules be enforced is not the proper subject of a motion in limine. In denying a similar request, another district court explained that "it is not the purpose of a motion in limine to have the Court simply declare that it will enforce the rules or direct the parties to present their case in accordance with the rules and the law." *Gillispie v. City of Miami Twp.*, 2022 WL 6811135, at *3 (S.D. Ohio Oct. 11, 2022); *see also Feezor v. Golden Bear Rest. Grp., Inc.*, 2012 WL 2873353, at *3 (E.D. Cal. July 12, 2012) (denying motion in limine to "forbid Cross–Defendants . . . from offering evidence, . . . which was withheld . . . during discovery" as "over-broad and vague"); *Powers v. Target Corporation*, 2020 WL 1986968, at *8 (S.D. Fla. Apr. 27, 2020) (request "that the Court enforce the rules governing trial . . . is not properly the subject of a motion *in limine*").

General requests to enforce the rules are denied because context matters, particularly for requests to exclude evidence offered by a criminal defendant. To begin with, Mr. Porter need only provide evidence to be used in his case-in-chief, not impeachment evidence. *See* Fed. Rule. Cr. P. 16(b)(1)(A)(ii). And to exclude case-in-chief evidence, the Court would have to "examine whether the evidence was 'of decisive value' or if the exclusion was 'disproportionate to the conduct of counsel.'" *United States v. Duran*, 41 F.3d 540, 545 (9th Cir. 1994) (quotation omitted). Thus,

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

applying *Duran*, the Ninth Circuit in *United States v. Scholl*, 166 F.3d 964, 972 (9th Cir. 1999) (the case relied on by the government), affirmed the exclusion of evidence based on representations "that a 'full forensic financial audit' had been conducted and turned over." Under the facts of that case, the defendant's decision to withhold evidence "until after the jury was sworn was a strategic decision to withhold the evidence until the government would be unable to fully investigate." *Id.*

In contrast, the Ninth Circuit in *United States v. Finley*, 301 F.3d 1000, 1016-19 (9th Cir. 2002), found it to be an abuse of discretion where a district court excluded as a Rule 16 sanction an expert witness who was not properly disclosed in discovery. The *Finley* court explained that the omission "was not willfully done to gain a tactical advantage" and the evidence was "essential to the defense." *Id.* at 1018. Indeed, "the Supreme Court has recognized that 'few rights are more fundamental than that of an accused to present witnesses in his own defense,'" and "courts should use particular caution in applying the drastic remedy of excluding a witness altogether." *Id.* (quoting *Taylor v. Illinois*, 484 U.S. 400, 415 (1988)).

The Court should deny the government's Motion in Limine No. 4 and should address any discovery-related issue if any issue were to ever materialize.

**V.      Government Motion in Limine No. 5: The Government's fifth motion in limine should be denied because it overstates the law and is premature in any event.**

The government's fifth motion in limine seeks to bar Mr. Porter from introducing evidence regarding his physical or mental condition. It is not entirely clear at what this motion is aimed. As Mr. Porter has stated to the Court, he has a longstanding diagnosed anxiety disorder for which he receives medication. Mr. Porter is not relying on anxiety as a defense to any of the government's allegations and the defense does not intend to attempt to admit evidence or argue any such defense.

But it is conceivable that a condition like anxiety could come up in a criminal trial where the government is bringing felony charges against an individual, potentially as part of biographical background necessary for Rule 404(a)(1) character evidence or for some other reason, such as if the defendant testifies and would need to seek more frequent breaks or front the fact that he takes medication but that it does not affect his ability to testify. These scenarios are speculative and the Court should address the issue if it materializes at trial. *See United States v. Schuette*, 2023 WL

163490, at \*5 (N.D. Cal. Jan. 11, 2023) (where the government moved in limine to exclude evidence about defendant's mental health issues, the court deferred ruling on the motion after the parties indicated at the pre-trial hearing that they would work on a stipulation for the Court to read to the jury about defendant's mental health issues, and the court ruled that "[i]t will address any specific objections as they come up at trial").

In any event, the government's basis for this motion in limine is flawed. With respect to disclosure, Rule 16(1)(B) only requires disclosure of a medical report that Mr. Porter intends to use in his case-in-chief or if he intends to call a witness to discuss a medical report. He does not.

Moreover, "a lay witness may testify as to his or her medically related experience under Rule 701." *Raugust v. Abbey*, 2022 WL 1468296, at \*4 (D. Mont. May 10, 2022). While a lay witness may not offer a medical diagnosis based on a set of symptoms, a lay witness may discuss his or her symptoms or other facts within his or her personal knowledge (e.g., that they take medication or are distressed). *See Tobeler v. Colvin*, 749 F.3d 830, 833 (9th Cir. 2014) (disability claimant's wife competent to describe "problems with depression, anxiety and anger and contrasting [his] condition before and after the onset of his disability"); *E. J. v. Sec'y of Health & Hum. Servs.*, 984 F.3d 1374, 1380 (Fed. Cir. 2021) ("While lay opinions as to causation or medical diagnosis may be properly characterized as mere 'subjective belief' when the witness is not competent to testify on those subjects, the same is not true for sworn testimony as to facts within the witness's personal knowledge, such as the receipt of a vaccine and the timing and severity of symptoms."); *Lillie v. ManTech Int'l. Corp.*, 2018 WL 6323076, at \*5 (C.D. Cal. Dec. 3, 2018) (while lay witnesses are barred from "testifying as to their opinion on causation where such a determination would require the experience of an expert," "the case law is clear that plaintiff may testify regarding his emotional distress and medically-related experiences under Rule 701").

Again, Mr. Porter has no intention to assert his anxiety (or any other physical or mental condition) as a defense to the charges at the trial. If the issue somehow were to be raised in the course of trial, the Court should address it at that time.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

**CONCLUSION**

The Court should deny each of the government's motions in limine.

Dated:    April 25, 2023                     Respectfully submitted,


                                             BAKER & HOSTETLER LLP


                                             By:    /s/ Robb C. Adkins
                                                    Robb C. Adkins


                                             *Attorney for Defendant John Porter*

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 10 -